IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Derrick Williams,**

        **Plaintiff,**

v.                                Case No. 04-3003-JWL

**United States of America et al.,**

        **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff filed suit seeking monetary damages for injuries he sustained while incarcerated at the United States Penitentiary at Leavenworth. Specifically, plaintiff brings claims pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671 et seq., and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), based on an April 6, 2003 incident in which plaintiff was injured after a correctional officer pushed him down a flight of stairs. This matter is presently before the court on defendants' motion to dismiss (doc. #22). For the reasons set forth below, the motion is granted and plaintiff's complaint is dismissed in its entirety without prejudice.[1]

In his pro se complaint, plaintiff asserts two claims under the FTCA. First, he claims that

---

[1] Also pending before the court is plaintiff's "response" to the court's order substituting the United States as the sole defendant for purposes of plaintiff's FTCA claims. Because the court has dismissed plaintiff's complaint, it need not address the substance of plaintiff's response.

he was injured on April 6, 2003 when a correctional officer pushed him down a flight of stairs. Second, he claims that he was denied adequate medical treatment for the injuries he sustained on April 6, 2003.  In addition to his FTCA claims, plaintiff asserts claims based on defendants' failure to investigate properly the April 6, 2003 incident and defendants' harassment and punishment of plaintiff after he filed an incident report.  Relying on the Tenth Circuit's decision in *Ross v. County of Bernalillo*, 365 F.3d 1181 (10th Cir. 2004), in which the Circuit held that the Prison Litigation Reform Act of 1995 requires "total exhaustion" and, thus, that the presence of unexhausted claims in a complaint mandates dismissal of the entire complaint, defendants contend that dismissal of plaintiff's complaint in its entirety is warranted as plaintiff has failed to exhaust his administrative remedies with respect to all but one of his claims.

It is beyond dispute that a prisoner must exhaust his or her administrative remedies before filing claims in federal court.  With respect to his FTCA claims, plaintiff must file an administrative tort claim prior to filing suit.  *See Singletary v. United States*, 2003 WL 22792404, at *1 n.2 (10th Cir. Nov. 25, 2003) (citing 28 U.S.C. § 2675(a)).  With respect to his *Bivens* claims, plaintiff must first  complete the administrative grievance process.  *See* 42 U.S.C. § 1997e(a); see also *Booth v. Churner*, 121 S. Ct. 1819 (2001) ( 42 U.S.C. § 1997e(a), as amended by the Prison Litigation Reform Act of 1995, mandates administrative exhaustion even in those cases in which an inmate seeks only money damages).  That process begins with an inmate's attempt to informally resolve his or her complaint using what is commonly known as Form BP-8.  *See Yousef v. Reno*, 254 F.3d 1214, 1220 (10th Cir. 2001) (citing 28 C.F.R. § 542.13).  Next, an inmate is entitled to  seek formal review of his complaint by submitting a Form

BP-9 to the Warden. *Id*. (citing 28 C.F.R. §§ 542.10 & 542.14). An inmate who is not satisfied with the Warden's response may appeal his complaint to the BOP's Regional Director using Form BP-10. *Id.* (citing 28 C.F.R. § 542.15(a)). Finally, "the inmate may appeal his case to the General Counsel in the Central Office of the Bureau of Prisons, which is the 'final administrative appeal.'" *Id*. (citing 28 C.F.R. § 542.15(a)) (Form BP-11).

A review of the record in this case shows that plaintiff's exhaustion efforts are incomplete with respect to several of his claims. Although plaintiff filed an administrative tort claim with respect to his claim that he was injured after a correctional officer pushed him down a flight of stairs, his administrative claim does not include any reference to his present FTCA claim concerning defendants' failure to provide adequate medical care for the injuries plaintiff allegedly sustained as a result of the pushing incident. Plaintiff, then, has failed to exhaust his remedies with respect to this claim. With respect to his *Bivens* claims, plaintiff asserts that he filed a BP-8 and a BP-9 at the institutional level. He fails to assert, however, that he filed a BP-10 with the Regional Director or a BP-11 with the General Counsel. Moreover, the record reflects that plaintiff did not file a BP-10 or a BP-11. While plaintiff suggests that he simply "gave up" after he did not receive a response to his BP-8 and BP-9, he is still required to pursue all levels of the administrative scheme. *See Booth*, 121 S. Ct. at 1825 n.6 ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise."); *accord Hernandez v. Steward*, No. 96-3222-SAC, 1996 WL 707015, at *2 (D. Kan. Nov. 27, 1996) (granting motion to dismiss where plaintiff failed to show that he filed a BP-11 with the General Counsel; plaintiff still obligated to pursue all levels of the administrative scheme despite

contention that "they never replied"); *see also* 28 C.F.R. § 542.18 ("If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level.").

In short, the only claim that plaintiff has exhausted is his FTCA claim that he sustained injuries when a correctional officer pushed him down a flight of stairs. No other claims have been exhausted. In such circumstances, the Tenth Circuit, as defendants correctly note, requires dismissal of the entire complaint without prejudice. *See Ross*, 365 F.3d at 1189-90 (holding that "the PLRA contains a total exhaustion requirement" such that "the presence of unexhausted claims" in the prisoner's complaint requires the district court to dismiss the action in its entirety without prejudice). Thus, in accordance with *Ross*, the court hereby dismisses plaintiff's complaint in its entirety without prejudice.[2]


**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' motion to dismiss (doc. #22) is **granted** and plaintiff's complaint is dismissed in its entirety without prejudice.


**IT IS SO ORDERED.**


Dated this 7th day of January, 2005, at Kansas City, Kansas.

---

[2] If plaintiff wishes to proceed with the FTCA claim that he has exhausted and voluntarily dismiss his unexhausted claims, he should file a motion to alter or amend within the time period prescribed by law.

4

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

5