IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

Derrick Williams,

                            Plaintiff,

v.                                               Case No. 04-3003-JWL

United States of America et al.,

                            Defendants.

## MEMORANDUM AND ORDER

Plaintiff filed suit seeking monetary damages for injuries he sustained while incarcerated at the United States Penitentiary at Leavenworth.   Specifically, plaintiff brought claims pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671 et seq., and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), based on an April 6, 2003 incident in which plaintiff was injured after a correctional officer pushed him down a flight of stairs.

On January 7, 2005, the court granted defendants' motion to dismiss based on the Tenth Circuit's decision in *Ross v. County of Bernalillo*, 365 F.3d 1181 (10th Cir. 2004), in which the Circuit held that the Prison Litigation Reform Act of 1995 requires "total exhaustion" and, thus, that the presence of unexhausted claims in a complaint mandates dismissal of the entire complaint. In that regard, the court found that dismissal of plaintiff's complaint was warranted as plaintiff had exhausted only his FTCA claim that he sustained injuries when a correctional officer pushed him down a flight of stairs.   By way of footnote, the court advised plaintiff that if he wished to proceed

with the FTCA claim that he had exhausted and voluntarily dismiss his unexhausted claims, he should file a motion to alter or amend within the time period prescribed by law.

Consistent with the court's order, plaintiff thereafter filed a motion to alter or amend as well as a motion to amend his complaint, seeking to proceed with the only FTCA claim that he has exhausted and seeking to dismiss his remaining claims.   Defendants oppose plaintiff's motions on the grounds that permitting plaintiff to dismiss his unexhausted claims and proceed with his exhausted claim is directly contrary to the Tenth Circuit's decision in *Ross*, which mandates dismissal of the complaint in its entirety.   The court disagrees with defendants.   In fact, the Tenth Circuit, albeit in an unpublished decision, has directly addressed this issue and has held that a district court may permit an inmate who has filed a complaint that does not comport with *Ross*'s total exhaustion rule to dismiss voluntarily his unexhausted claims and to proceed only on those he has exhausted.   *See West v. Kolar*, 2004 WL 1834634, at *2 (10th Cir. Aug. 17, 2004). However, the voluntarily dismissal of unexhausted claims is a dismissal with prejudice such that plaintiff will not be permitted to exhaust those claims and then refile a complaint asserting those claims.   In other words, the claims that plaintiff has voluntarily dismissed cannot be revived at some later date.

Defendants' argument, then, is rejected and plaintiff will be permitted to proceed in this case on the FTCA claim that he has exhausted.   The court deems plaintiff to have voluntarily dismissed his other claims without the need for filing an amended complaint; his initial complaint shall be construed to assert only the FTCA claim that plaintiff has exhausted.   For this reason, the court will deny plaintiff's motion to amend his complaint.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's motion to alter or amend (doc. #41) is **granted;** plaintiff's FTCA claim that he was denied adequate medical treatment for injuries sustained on April 6, 2003 is **dismissed with prejudice**; plaintiff's *Bivens* claims based on defendants' failure to investigate properly the April 6, 2003 incident and defendants' harassment and punishment of plaintiff after he filed an incident report are **dismissed with prejudice**; and plaintiff's motion to amend his complaint (doc. #40) is **denied**.

**IT IS SO ORDERED.**

Dated this 9th day of February, 2005, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

3