IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DERRICK WILLIAMS,

          Plaintiff,

v.                                            Case No. 04-CV-3003-JWL-DJW

UNITED STATES OF AMERICA,

          Defendant.

## PROTECTIVE ORDER

Plaintiff Derrick Williams, <u>pro se</u>, and the Defendant United States of America, by and through counsel, Eric F. Melgren, United States Attorney for the District of Kansas, and David D. Zimmerman, Assistant United States Attorney for said District, have moved the Court for an order (doc. 63) to permit discovery and disclosure of information in the above-captioned case, the disclosure of which is regulated by law.

For the purpose of protecting the privacy of the Plaintiff; the Defendant; the current, former and prospective employees of the United States; and other individuals about whom the Plaintiff, the Defendant, and other sources possess protected information, against unreasonable and unprotected disclosure of information pertaining to them, and in accordance with the provisions and objectives of the Privacy Act of 1974, as amended, 5 U.S.C. § 552a; 45 C.F.R. §§164.102–164.534; 42 U.S.C. § 1306; or other privacy protections, the Court hereby finds and orders pursuant to 5 U.S.C. § 552a(b)(11), 45 C.F.R. § 164.512(e)(1), and Rule 26(c) of the Federal Rules of Civil Procedure as follows:

(1)     **Good Cause For Protective Order.**  In an effort to prove alleged liability, the Plaintiff has raised issues in his complaint and is expected to serve discovery requests asking for disclosures of information about the Plaintiff, and/or the Defendant.  The parties further expect to request information that may pertain to other individuals about whom the Plaintiff, Defendant, and third-parties (for example, medical providers) may have protected information.  Some of the information to be disclosed pursuant to Rule 26(a)(1), subpoena, interrogatory, request for production of documents, or other lawful process, may include information the disclosure of which is regulated by law, including Official Personnel Files ("OPF") or portions of such files, other records which are contained within a system of records, and/or medical records.

(2)     **Production of Information That May Be Subject To The Privacy Act (5 U.S.C. § 552a), Subject to 45 C.F.R. §§ 164.102–164.534, Subject to 42 U.S.C. § 1306, or Subject to Other Privacy Protections.**  This order is entered to permit the disclosure pursuant to Rule 26(a)(1), subpoena, interrogatory, request for production of documents, or other lawful process, of any records which are covered by the provisions of the Privacy Act, as amended, 5 U.S.C. § 552a; the provisions of 45 C.F.R. §§ 164.102-164.534; the provisions of 42 U.S.C. § 1306; or other privacy protections, including those instances where there is no waiver by a patient to produce the records to any entity other than the United States.  Except to the extent that there is any appropriate objection or privilege invoked in response to a request, parties and non-parties shall produce these documents unredacted to the requesting party.  Upon producing these documents, the producing party or non-party shall designate them as "confidential" in the manner set forth in paragraph 4, below.

(3)     **Limitations On Use And Disclosure.**  The parties, including their counsel and their personnel, may use the designated confidential documents (and the information contained therein) only for purposes of the above-captioned litigation, and may disclose such documents and information to non-parties to this litigation only when the disclosure is reasonably and in good faith calculated to aid in the preparation and/or the prosecution of this litigation.  Disclosure to a party or to any non-party shall be made only after such party or non-party has signed a form of acknowledgment (attached to this Order) stating that he or she has read, understood, and acknowledged his or her agreement to be bound by this Order.  No non-party to whom a designated confidential document is disclosed shall make a copy of a designated confidential document.  Within 90 days of the final conclusion of the litigation of both of the above-captioned case (including appeals), Plaintiff and all non-parties shall return all designated confidential documents and all copies, as well as all notes, memoranda, summaries, or other documents containing information from the designated confidential documents, to the party or non-party that produced the designated confidential documents, or shall destroy all such materials and certify in writing to the party or non-party that produced the designated confidential documents that the documents have been destroyed.  Counsel for Plaintiff may retain one copy of all designated confidential documents that were produced to Plaintiff, except for designated confidential documents whose disclosure is regulated by 45 C.F.R. §§ 164.102-164.534.  With respect to designated confidential documents whose disclosure is regulated by 45 C.F.R. §§ 164.102-164.534, counsel for Plaintiff shall either return to the producing party or non-party all designated confidential documents (together with all copies, notes, memoranda, summaries, or other documents containing information from the designated confidential documents) whose disclosure is regulated by 45 C.F.R. §§ 164.102-

164.534, or shall destroy such materials and certify in writing to the party or non-party that produced the designated confidential documents that the documents have been destroyed.

    (4)    **Designation of Material Subject to this Protective Order.**  To designate "confidential" material covered by this Protective Order, a party or non-party who produces the materials shall so designate on the material itself; in an accompanying cover letter; on a diskette cover; or in a response to a subpoena, interrogatory, request for production of documents, request for admission, or other lawful process, by using the following designation:  "CONFIDENTIAL INFORMATION--SUBJECT TO PROTECTIVE ORDER."  A party may, for good cause shown, challenge the designation of materials as designated confidential documents within 30 days of the date the designated materials are received or, in the event that such materials are first designated as confidential on a date after they were produced, within 30 days of the date that the materials are designated as confidential.  A party may challenge the designation by specifically identifying in writing (to be delivered by hand, mail, facsimile, or e-mail) those materials that the challenging party believes should not be designated confidential documents and the reasons why such materials should not be so designated.  If, after good faith consultation initiated by the challenging party, the challenging party and the producing party or non-party are unable to agree upon which of the challenged documents are to remain designated confidential documents, then the challenging party may file with the Court a motion to remove confidential designation.  A motion to remove confidential designation shall state the date of the consultation, the names of those who participated, the specific results received, and the reasons why the challenged materials should not remain confidential.  The party or non-party that designated the material as confidential shall bear the burden of demonstrating that a document should be designated

4

confidential.  Once designated as confidential, materials shall be treated as designated confidential documents under this Protective Order until either the party or non-party that designated the material as confidential withdraws the designation in writing, or until the Court orders that the designation is to be removed.

(5)     **Confidential Information in Depositions.**   Parties may show deponents designated confidential documents.   However, efforts should first be made, where practicable, to conceal the identity of the subject of the record by coding the documents to substitute a numerical or other designation for the subject individual's name or other identifying information, unless the identity of the subject is specifically relevant to the deposition.  The parties may, within 30 days after receiving a deposition transcript, designate pages of the transcript (or exhibits thereto) as confidential.  Confidential information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with the following legend:  "CONFIDENTIAL INFORMATION –SUBJECT TO PROTECTIVE ORDER."  Until expiration of the 30-day period, the entire deposition transcript will be treated as subject to protection against disclosure under this Protective Order.  If no party designates confidential information in a deposition within the 30-day period, then none of the transcript or its exhibits will be treated as confidential until such time as a party thereafter designates a portion of the deposition transcript as confidential.  Once a designation is made, another party may challenge the designation according to the challenge procedures outlined in paragraph 4 of this Order.  Portions of the transcript and exhibits that have been designated as confidential shall be treated as designated confidential documents until either the designating party withdraws the designation in writing, or until the Court orders that the designation is to be removed.

5

Witnesses whose sworn testimony during trial or deposition is designated as confidential either in whole or in part, shall be permitted to retain a complete copy of the transcript of the testimony of that witness. Witnesses whose sworn statements are designated as confidential either in whole or in part, shall be permitted to retain a complete copy of their own sworn statements.

(6) **Confidential Information in Documents Filed with the Court and in Open Court.** A party shall not file designated confidential documents with or submit them to the Court or reproduce their contents in any Court filing unless the party has made a good faith effort to redact any and all personal identifying information (including names, addresses, Social Security numbers or other identifying numbers) contained in designated confidential documents, unless such personal identifying information is specifically relevant to the context (e.g., pleading, hearing, and trial) for which it is submitted. The parties shall consider whether, in light of the circumstances, a party should request the Court to place such documents under seal, code the documents to substitute a numerical or other designation for an individual's name or other identifying information, or introduce summary evidence (where practicable) which may be more easily redacted. Any designated confidential documents that a party desires to file under seal shall be accompanied by a motion for leave to file such documents under seal. No party shall disclose unredacted designated confidential documents in documents filed with the Court or in open Court without prior consideration by the Court.

(7) **Modification Permitted.** Nothing in this Order shall prevent any party from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper.

(8)     **No Waiver**.  The failure to designate any materials as provided in paragraph 4 shall not constitute a waiver of a party's assertion that the materials are covered by this Protective Order.

(9)     **No Ruling on Discoverability Nor Admissibility**.  Nothing in this Protective Order shall constitute a waiver by the parties of any right to object to discovery or admission into evidence of any document or record subject to this Order.  This Protective Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.  Nothing in this Protective Order constitutes any decision concerning liability for payment of any costs or production or reproduction of documents.

(10)    **Disclosure to Agencies or Departments of the United States**.  Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of the United States to disclose to any agency or department of the United States, or any division of any such agency or department, designated confidential documents relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction, nor shall anything contained in this Protective Order prevent or in any way limit or impair the use of any such designated confidential documents by an agency in any proceeding relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction; provided, however, that the agency shall maintain the confidentiality of the designated confidential documents consistent with the terms of this Protective Order.

(11)    **Disclosures to Congress**.  Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of the United States to provide designated confidential documents to a Congressional entity; provided, however, that the United States shall notify the Congressional entity

requesting the documents that the designated confidential documents have been produced pursuant to this Protective Order and shall, if there are no objections interposed by the Congressional entity requesting the documents, use reasonable efforts to notify the producing party or nonparty of the Congressional entity's request and the United States' response thereto.

Accordingly, the parties' Joint Motion for Protective Order (doc. 63) is granted.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 25th day of April, 2005.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc:   All counsel and *pro se* parties

SUBMITTED BY:

s/ Derrick Williams
DERRICK WILLIAMS
Reg. No. 48426-066
P.O. Box 1000
Leavenworth, KS  66048
    Plaintiff, pro se

s/ David Zimmerman
DAVID D. ZIMMERMAN
Assistant United States Attorney
500 State Avenue, Suite 360
Kansas City, Kansas 66101
N.C. S.Ct. No. 23486
(913) 551-6730 (telephone)
E-mail:  David.Zimmerman@usdoj.gov
    Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DERRICK WILLIAMS,

        Plaintiff,

v.                                      Case No. 04-CV-3003-JWL-DJW

UNITED STATES OF AMERICA,

        Defendant.

### AGREEMENT TO ABIDE BY PROTECTIVE ORDER

        I _____, hereby acknowledge that I have read and understood the terms of the Protective Order that was filed _____, \_\_, 2005, by the United States District Court for the District of Kansas in the above-captioned case.  By affixing my signature below, I agree to be bound by the terms of the Protective Order.

_____
Signature

_____
Date

_____
Street Address

_____  _____  _____
City                                State   ZIP