IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

**DERRICK WILLIAMS**

    Plaintiff,

    v.                                Case No. 04-3003-JWL

**UNITED STATES OF AMERICA**

    Defendant.

## MEMORANDUM AND ORDER

This case concerns a Federal Tort Claims Act claim filed by Derrick Williams against the United States. This matter comes before the court on Mr. Williams' Motion to Reopen the Proceedings for Final Determination of the Litigation. For the reasons explained below, Mr. Williams' motion is denied.

### 1. *Background*

Mr. Williams alleges that he was injured on April 6, 2003, when he was pushed down some stairs by an officer at the United States Prison at Leavenworth. He then filed suit under the Federal Tort Claims Act, and this court ordered the parties to mediate their dispute. After a series of offers and counter-offers, the parties executed a settlement agreement entitled, "Notice of Voluntary Dismissal with Prejudice," which both parties signed on June 20, 2005.

On July 5, 2005, the court issued an order requiring the parties to file a stipulation of dismissal by August 1. On July 15, however, Mr. Williams moved the court to reopen the proceedings and set aside the settlement agreement based on alleged duress.[1] Although he

admits signing the settlement agreement, he alleges "he felt pressure and that his decision [to sign the agreement] was a result [of] pressure and undue influence." Specifically, he alleges that opposing counsel said that based on their experience, "both Honorable Judges would reject anything of proof as to [his] case because of [his] credibility in [his] prior act in the institution for indecent exposure."

## 2. *Standard of Review*

Mr. Williams titled his motion as "Motion to Reopen the Proceedings for Final Determination of the Litigation." Because no judgment has been entered, the court does not construe this motion as a motion to alter or amend a judgment under either Federal Rule of Civil Procedure 59(e) or 60. *Cf. Servants of Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir.2000) (a motion to reconsider filed within ten days after entry of judgment is considered a Rule 59(e) motion). Instead, the court reviews Mr. Williams' motion under the standard for setting aside a settlement agreement under Kansas law, as explained below.

## 3. *Mr. Williams Has Not Made the Substantial Showing for Setting Aside a Settlement Agreement under Kansas Law*

---

[1] In his motion, Mr. Williams alleges both duress and undue influence, but the court has analyzed his motion as a claim for duress because undue influence ordinarily is used in the context of estates and trusts. *See, e.g.*, *In re Hooper's Estate*, 61 P.2d 1335, 1338 (Kan. 1936) ("Actual undue influence may consist of threats of personal harm or duress, under the force of which a person makes a testamentary disposition of his property which is really against his will."); 25 Am. Jur. 2d Duress and Undue Influence § 36 ("Undue influence has been described as a species of duress, but it has also been described as a species of fraud or constructive fraud.").

The enforceability of a settlement agreement is governed by state law. *See United States v. McCall,* 235 F.3d 1211, 1215 (10th Cir. 2000). Under Kansas law, "in the absence of bad faith or fraud, when parties enter into an agreement settling and adjusting a dispute, neither party is permitted to repudiate it." *Krantz v. Univ. of Kan.,* 271 Kan. 234, 21 P.3d 561, 567 (Kan. 2001). *See also Lewis v. Gilbert*, 14 Kan. App. 2d 201, 202, 785 P.2d 1367, 1368 (Kan. App. 1990) ("'The law favors the compromise and settlement of disputes, and when parties, in the absence of any element of fraud or bad faith, enter into an agreement settling and adjusting a dispute, neither party is permitted to repudiate it.") (citations omitted)). The court may not "look into the merits of the original controversy to discover which [party] was in the right." *Lewis*, 14 Kan. App. 2d at 202. In addition, "[a] trial court has the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it." *United States v. Hardage,* 982 F.2d 1491, 1496 (10th Cir.1993).

It is an issue of law whether the facts as alleged constitute duress. *White v. General Motors Corp., Inc.,* 908 F.2d 669, 673 (10th Cir. 1990) (citing *Hastain v. Greenbaum,* 205 Kan. 475, 470 P.2d 741, 746 (1970)). Examining the elements of duress in Kansas, this court has explained:

> In essence, a contract signed under duress is voidable because there is no actual mental agreement (assent) between the parties. The elements constituting duress by threats in Kansas are as follows:
> To constitute duress by threats the actor's manifestation must be made for the purpose of coercing the other; must have for its object the securing of undue advantage with respect to the other; must be of such a character that it is adapted to overpower the will of the other and is reasonably adequate for the purpose;

>must in fact deprive the other of free exercise of will; and must cause the other to act to his detriment.

*Comeau v. Mt. Carmel Medical Center, Inc.*, 869 F. Supp. 858, 864 (D. Kan. 1994) (citing *Hastain*, 205 Kan. at 482)).

Mr. Williams' motion fails to allege facts that establish either duress or undue influence. Although he alleges that the attorneys for the United States urged him to accept the settlement agreement because of his alleged lack of credibility, this does not constitute duress under Kansas law. *Cf. Hastain*, 205 Kan. at 482 (emphasizing that "it is clear that not all threats, even if unlawful, will give rise to a defense of duress").

On the contrary, "Kansas courts have shown no indication to permit contracting parties to avoid the consequences of their bargains lightly, even where there has been some degree of compulsion or hard bargaining." *Comeau*, 869 F. Supp. at 864. There must be "substantial evidence" to establish duress, and "'[i]t would not be proper to simply hold that, merely because a person who has made a contract declares under oath that he was intimidated and acting under fear and duress when the contract was made by him, the contract should by reason of his mere statement be avoided. If that rule were adopted most contracts would be avoided.'" *Id*. (citation omitted).

In a case analogous to this one, the Kansas Supreme Court held that "[s]ummed up, all plaintiff's evidence established was that he preferred the immediate settlement on the terms made than the hazard of a lawsuit. Parties are confronted with that problem every day."

*Comeau*, 869 F. Supp. at 866 (quoting *Evans v. Aylward,* 166 Kan. 306, 317, 201 P.2d 1044 (1949)).

Mr. Williams does not offer any law or logic to the contrary. Accordingly, the court must enforce the parties' valid settlement agreement. *See United States v. Hardwell*, 80 F.3d 1471, 1492 (10th Cir. 1996) ("He has waived this issue by failing to make any argument or cite any authority to support his assertion.").

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Reopen the Proceedings for Final Determination of the Litigation (doc. # 79) is denied. This case is hereby dismissed in its entirety.

**IT IS SO ORDERED** this 27th of September, 2005.

    s/ John W. Lungstrum
    John W. Lungstrum
    United States District Judge